ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ANDRÉS DÍAZ FRANCO Y OTROS<br><br>Apelantes<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN; YANIRA RAÍCES VEGA en su capacidad oficial como SECRETARIA DE EDUCACIÓN; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelados | KLAN202401101 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV08562<br><br>Sobre: *Mandamus* en caso de Educación Especial |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de febrero de 2026.

Compareció el apelante, el Sr. Andrés Díaz Franco y otros (en adelante, "apelantes"). Nos solicitó la revisión de la *Sentencia* emitida y notificada el 10 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el Foro Primario desestimó el recurso de *mandamus* presentado por los apelantes.

Por los fundamentos que expondremos a continuación, **se confirma** la *Sentencia* apelada.

**-I-**

El 17 de septiembre de 2024 los apelantes presentaron un *Mandamus Petición Urgente* en contra del Departamento de Educación de Puerto Rico (en adelante, "Departamento de

---

[1] Mediante la Orden Administrativa OATA-2025-002 emitida el 9 de enero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución del Juez Abelardo Bermúdez Torres.

Educación" o "apelado"), la Dra. Yanira Raíces Vega, en su capacidad oficial como Secretaria del Departamento de Educación, y el Estado Libre Asociado de Puerto Rico.[2] Mediante este, los apelantes explicaron que eran participantes del Programa de Educación Especial del Departamento de Educación, que fueron ubicados en el Instituto Modelo de Enseñanza Individualizada (en adelante, IMEI), con el propósito de recibir servicios educativos. Sin embargo, alegaron que estos servicios fueron interrumpidos debido a la falta de asignación presupuestaria para costearlos. Además, arguyeron que el contrato con IMEI estaba próximo a vencerse, y el Departamento de Educación no había comenzado el proceso de negociación para el nuevo acuerdo que entraría en vigor el 1 de octubre de 2024.

Por tal razón, los apelantes solicitaron que se le ordenara al Departamento de Educación a cumplir con su deber ministerial de proveer los servicios educativos correspondientes a los menores de epígrafe, así como de evitar su interrupción. Igualmente, peticionaron que se le ordenara al Departamento de Educación a garantizar que, para el 1 de octubre de 2024, el contrato con IMEI estaría vigente con los fondos correspondientes. Además, rogaron que se le impusieran severas sanciones al Departamento de Educación por su negligencia, al igual que una suma no menor de diez mil dólares ($10,000.00) por concepto de los daños y perjuicios sufridos por los apelantes. Por último, suplicaron que se le ordenara satisfacer el pago de honorarios de abogados.

Posteriormente, el 20 de septiembre de 2024, el Departamento de Educación presentó una *Moción de Desestimación*.[3] En su escrito, el apelado alegó que lo solicitado por los apelantes se atendió, mediante una *Orden* emitida el 19 de septiembre de 2024, en el

---

[2] Apéndice del recurso, págs. 2-47.
[3] *Íd.*, págs. 283-303.

pleito de clase *Rosa Lydia Vélez y otros v. Departamento de Educación y otros*, KPE19801738.[4] Explicó que, en el referido caso, se estaba monitoreando el cumplimiento con las estipulaciones relacionadas al ofrecimiento de servicios del Programa de Educación Especial. Además, indicó que el objeto de dicha *Orden* fue la firma de la *Enmienda al Contrato entre el Departamento de Educación [e] Instituto Modelo de Enseñanza Individualizada, [I]nc.,* que se llevó a cabo el 18 de septiembre de 2024, la cual tuvo el efecto de garantizar la continuidad de los servicios educativos en controversia. Por ello, el Departamento de Educación sostuvo que la causa de acción presentada por los apelantes dejaba de exponer una reclamación que justificara la concesión de un remedio, ya que esta advino académica.

Por otra parte, el Departamento de Educación arguyó que, al no presentar una controversia real y actual, sino un daño hipotético o abstracto, los apelantes carecían de legitimación activa. Con relación a la contratación entre IMEI y el Departamento de Educación, el apelado explicó que estaba vigente la asignación de fondos correspondientes hasta el 30 de septiembre de 2024, y que, para el próximo periodo, había un proceso activo de *Solicitud de Propuestas* (en adelante, "RFP" por sus siglas en inglés). Por consiguiente, razonó que, al solicitar que se ordenara la firma del contrato con IMEI, el recurso de los apelantes tenía el propósito de incidir en el proceso de contratación de la agencia. Arguyó que, ante el RFP, el daño alegado por los apelantes sobre la contratación futura era hipotético y especulativo.

Además, el Departamento de Educación alegó que los apelantes tenían disponibles los remedios administrativos dispuestos en los acuerdos suscritos en el caso de *Rosa Lydia Vélez*

---

[4] *Véase*, Apéndice del recurso, págs. 304-305.

*y otros v. Departamento de Educación y otros*, supra, así como por la vía civil ordinaria, para solicitar el cumplimiento con las órdenes en dicho pleito. Por último, argumentó que tampoco procedía la imposición de daños y perjuicios, al igual que los honorarios de abogados, ya que el Departamento de Educación no incumplió con su deber ministerial. Sostuvo que fue diligente en el desempeño de sus funciones para garantizar la continuidad de los servicios educativos a los miembros del Programa de Educación Especial que se encuentran en IMEI. De este modo, el Departamento de Educación solicitó la desestimación del recurso presentado en su contra.

En desacuerdo, el 22 de septiembre de 2024, los apelantes presentaron su *Oposición a Solicitud de Desestimación.*[5] En síntesis, estos explicaron que recibieron una comunicación de IMEI advirtiéndoles que de no suscribirse un nuevo contrato para el 1 de octubre de 2024, los servicios en controversia serían interrumpidos. Los apelantes plantearon que la causa de acción no se tornó académica, puesto que se trataba de una situación recurrente. Además, arguyeron que la solución propuesta por el Departamento de Educación no era una permanente que garantizara la continuidad de los servicios en IMEI.

Al día siguiente, el 23 de septiembre de 2024, se celebró una vista en su fondo.[6] Surge de la *Minuta* de los procedimientos que tras discutir los planteamientos relacionados a la desestimación del caso, el Foro de Instancia se reunió con la representación legal de las partes en cámara con el propósito de auscultar la posibilidad de llegar a un acuerdo. Luego de esta, se hizo constar que el Departamento de Educación informó que existía la posibilidad de que se firmara el contrato en controversia en los próximos días. Por

---

[5] Apéndice del recurso, págs. 348-369.
[6] *Íd.*, págs. 482-485.

tal razón, el Foro Primario le concedió hasta el 27 de septiembre de 2024 al apelado para informar el estado de dicha firma.

Consecuentemente, el 27 de septiembre de 2024, el Departamento de Educación presentó una *Moción Informativa*, mediante la cual indicó que se concretó la firma del contrato entre el Departamento de Educación e IMEI.[7] Por ello, sostuvo que se garantizó la continuidad de los servicios educativos de los apelantes. Asimismo, reiteró que procedía la desestimación de la causa de acción por academicidad.

No obstante, el 29 de septiembre de 2024, los apelantes presentaron una *Oposición a Moción Informativa*.[8] Mediante esta, arguyeron que no procedía la desestimación por academicidad, ya que los fondos asignados eran insuficientes para costear el año escolar 2024-2025. Siendo así, el 1 de octubre de 2024, el Departamento de Educación presentó una *Réplica a Oposición a Moción Informativa*, mediante la cual insistió que la reclamación se tornó académica y que no existía un incumplimiento con un deber ministerial que justificara la concesión del *mandamus*.[9]

El 10 de octubre de 2024 el Tribunal de Primera Instancia emitió la *Sentencia* apelada.[10] En esta, el Foro Primario concluyó que, tras evaluar las alegaciones esbozadas en el recurso de los apelantes, estas se encontraban dentro de las estipulaciones evaluadas en la *Sentencia* del caso de *Rosa Lydia Vélez y otros, v. Departamento de Educación*, supra.[11] Incluso, el Foro de Instancia destacó que, en dicho pleito, se discutió la controversia relacionada a la firma de la *Enmienda al Contrato entre el Departamento de Educación [e] Instituto Modelo de Enseñanza Individualizada, [I]nc.*

---

[7] *Íd.*, págs. 393-394.
[8] *Íd.*, págs. 396-399.
[9] *Íd.*, págs. 473-478.
[10] *Íd.*, págs. 487-501.
[11] *Vease*, Apéndice del recurso, págs. 504-553.

Por lo cual, el Tribunal de Primera Instancia razonó que, aun tomando como ciertas las alegaciones de los apelantes y determinando que el Departamento de Educación incumplió con su deber ministerial, los apelantes tenían un remedio adecuado a su disposición para evitar el daño alegado, bajo el pleito de *Rosa Lydia Vélez y otros, v. Departamento de Educación,* supra. Por ello, concluyó que no se justificaba la concesión del remedio extraordinario del *mandamus.* Además, el Foro *a quo* determinó que la causa de acción en cuestión implicaba que se emitieran pronunciamientos sobre los asuntos que se están monitoreando en el otro caso. Siendo así, el Foro de Instancia desestimó el caso de epígrafe.

Inconforme, el 9 de diciembre de 2024, los apelantes presentaron el recurso de *Apelación* ante nos. Mediante este, señaló la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al declarar que carece de jurisdicción para atender el recurso de mandamus presentado en este caso.

> **SEGUNDO SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al entender que el asunto del caso de epígrafe es uno que debe ser atendido dentro del pleito de clase *Rosa Lydia Vélez y otros, v. Departamento de Educación,* KPE1980-1738, caso que ya tiene sentencia y la etapa en que se encuentra no es una de atención de controversias nuevas.

> **TERCER SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al privar a la parte peticionaria-apelante de un recurso extraordinario que no es de la competencia de la sala que atiende el pleito de clase *Rosa Lydia Vélez y otros, v. Departamento de Educación,* KPE1980-1738[,] y cuya naturaleza es completamente distinguible de lo que se atiende en dicho caso.

> **CUARTO SEÑALAMIENTO DE ERROR:** Erró el Tribunal de Primera Instancia al desestimar la demanda en su totalidad y dejar sin atender la reclamación de daños y perjuicios incluida en la misma ni referir el caso a una sala de asuntos de lo civil ordinario para atender dicha reclamación.

Por su parte, el 28 de enero de 2025, el apelado presentó su *Alegato del Departamento de Educación,* mediante el cual reiteró que el contrato objeto del mandamus se firmó, garantizando los servicios educativos de los apelantes, por lo que su reclamo se tornó

académico y el apelado cumplió con su deber ministerial. Sostuvo que los apelantes tenían otro remedio bajo el caso de *Rosa Lydia Vélez y otros v. Departamento de Educación,* supra.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Justiciabilidad**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68 (2017). Se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.
>
> *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

Como se observa, la doctrina de academicidad es una de las instancias de las de justiciabilidad. *Íd.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la

controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 578 (2016).

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que de otro modo sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.

*RBR Const., SE v. AC,* 149 DPR 836, 846 (1999) (énfasis en el original).

En lo pertinente al caso que nos ocupa, para que sea de aplicación la excepción relacionada a una cuestión recurrente, deben coexistir tres elementos: (1) probabilidad de que sea recurrente, (2) identidad entre las partes involucradas, y (3) la probabilidad de que el asunto evada la revisión judicial. *Asoc. Fotoperiodistas v. Rivera Shatz*, 180 DPR 920, 934 (2011).

Por otra parte, como corolario a la doctrina de justiciabilidad, es indispensable que los litigantes ostenten legitimación activa. *Hernández, Santa v. Srio. de Hacienda*, supra, págs. 738-739; *P.I.P. v. E.L.A et al*, 186 DPR 1, 11 (2012). Ello consiste en "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, supra, pág. 69. El propósito principal de evaluar la existencia de la legitimación activa estriba en que los tribunales delimiten su propia jurisdicción, y, por consiguiente, eviten adentrarse en la potestad de otras ramas de

gobierno, así como de resolver cuestiones hipotéticas. *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739, citando a *Hernández Torres v. Hernandez Colón et al,* 131 DPR 593, 598 (1992).

De este modo, la parte que solicita la intervención del foro judicial debe demostrar que cumple con los siguientes requisitos:

> (1) [H]a sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto e hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al amparo de la constitución o de alguna ley.

*DACO v. LUMA y otros,* 2025 TSPR 126, 217 DPR __ (2025); *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739; *Bhatia Gautier v. Gobernador,* supra, pág. 69.

## B. *Mandamus*

El recurso de *mandamus* es uno extraordinario que se reputa como:

> [A]ltamente privilegiado dictado por el Tribunal Supremo del Estado Libre Asociado, o por el Tribunal de Primera Instancia de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría dentro de su jurisdicción requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo.

Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3421.

Este auto faculta la intervención de los tribunales para que estos le ordenen a cierta entidad o persona a que "cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *Carrasquillo Román v. Inst. Correccional,* 204 DPR 699, 713 (2020), citando a 32 LPRA sec. 3421 y 32 LPRA Ap. V, R. 54; *Acevedo Vilá v. Aponte Hernández,* 168 DPR 443, 454 (2006). La expedición de un recurso de *mandamus* no es una cuestión de derecho, sino que "descansa en la sana discreción del foro judicial". *Íd.,* citando a *AMPR v. Srio. Educación, E.L.A.,* 178 DPR 253, 266 (2010). Así, el propósito de este mecanismo es exigir el cumplimiento con un deber ministerial o impuesto por la ley. Este deber conlleva una función pública que no permite desobediencia porque es indispensable que se efectúe. *Íd.;*

*AMPR v. Srio. Educación E.L.A.*, supra, pág. 263. Véase *Acevedo Vilá v. Aponte Hernández*, supra, págs. 454-455, 458.

Un requisito categórico para la expedición de un recurso de *mandamus* es que el deber referido esté "claramente definido en la ley y que esta le exija [ejecutarlo]". *Carrasquillo Román v. Inst. Correccional*, supra, págs. 713-714. Es importante puntualizar que el deber ministerial "no tiene que ser necesariamente expreso, pues tal supuesto reduciría la función exclusiva [de un tribunal] de interpretar la Constitución y las leyes" *AMPR v. Srio. Educación E.L.A.*, supra, pág. 264. Por ello, la interpretación judicial es fundamental para precisar la existencia de un deber de tal envergadura, según el significado y propósito de la ley. *Íd.*, págs. 264 y 266.

Aquel individuo que "se vea afectad[o] por el incumplimiento del deber" tiene legitimación activa para peticionar un *mandamus*. *Íd.*, pág. 265. Empero, antes de llevar la solicitud al foro judicial, como regla general, se le debe haber requerido previamente el cumplimiento del deber al funcionario público o privado que lo infringe. *Íd.*, pág. 267. Esto supone que el peticionario deberá probar "la existencia de un deber ministerial que no ha sido cumplido por el funcionario público contra quien se ha presentado el recurso". *Íd.*, pág. 269. En su oposición, el funcionario o entidad que se le imputa el incumplir con sus deberes, debe demostrar que la expedición del auto menoscabaría el interés público o que lo que se ordena es irrealizable. *Íd.*, págs. 269-270. Para evidenciar esto, el ente no puede descansar en meras alegaciones y debe colocar apropiadamente al tribunal en posición para resolver. *Íd.*

El tribunal que evalúe una petición de *mandamus* deberá considerar el efecto que su decisión tendría sobre el interés público, balanceando así los intereses involucrados. *Íd.*, pág. 268. Esto se considera como "el factor más importante al evaluarse la concesión

de un auto de *mandamus*". *Íd.*, págs. 268-269. Además, deberá analizar si la expedición del recurso supondría una intromisión indebida en las funciones gubernamentales y velar por que su determinación no perjudique los derechos de terceros. *Díaz Saldaña v. Acevedo Vilá*, 168 DPR 359, 366 (2006). De igual forma, el tribunal deberá tomar en consideración si existe otro recurso adecuado y eficaz por la vía ordinaria, pues de ser así, no podrá concederlo. Artículo 651 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3423.

**C. Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado – ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero – a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra,* hace el siguiente planteamiento:

> Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

*Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

**-III-**

En el presente caso, los apelantes alegaron que el Tribunal de Primera Instancia incidió al desestimar el recurso de *mandamus,* tras concluir que no poseía jurisdicción para atender su reclamo y entender que este debía ser atendido en el pleito de clase de *Rosa Lydia Vélez y otros v. Departamento de Educación,* supra. Asimismo, los apelantes plantearon que el Foro Primario erró al determinar que estos tenían un remedio disponible en el referido caso, ya que alegaron que los reclamos no estaban relacionados. Por último, arguyeron que el Foro apelado se equivocó al desestimar su causa de acción, dejando sin atender lo pertinente a los daños y perjuicios alegados. Por estar relacionados entre sí, discutiremos los señalamientos de error en conjunto.

Del recurso de *mandamus* presentado por los apelantes, surge que estos buscaban que se le ordenara al Departamento de Educación garantizar la continuidad de servicios de los estudiantes en IMEI, así como que firmara el contrato que aplicaría al año escolar 2024-2025. De los hechos del presente caso se desprende que, mientras se llevaba a cabo el procedimiento judicial, el Departamento de Educación firmó una enmienda al acuerdo entre dicha agencia e IMEI, lo cual llevó a la reanudación de los servicios que se vieron interrumpidos por la falta de asignación presupuestaria en el mes de septiembre de 2024. Igualmente, surge del expediente que el contrato entre el Departamento de Educación y la referida institución para el año escolar 2024-2025 se firmó el 27 de septiembre de 2024, con los fondos correspondientes. De este modo, concluimos que los reclamos de los apelantes se tornaron académicos.

Tal cual esbozado en el resumen doctrinal, es norma reiterada que para que los foros judiciales puedan atender el reclamo de las partes, este debe ser uno justiciable. Entre las controversias que no podrán ser adjudicadas por los tribunales se encuentras las que se han tornado académicas o que buscan obtener una opinión consultiva.

En el presente caso, no obstante, los apelantes insisten en que la controversia no se ha tornado académica, ya que sostienen que esta constituye una excepción a dicha doctrina por tratarse de una cuestión recurrente. No obstante, para que sea de aplicación esta excepción, debe tratarse de un asunto que, de volver a ocurrir, tenga una alta probabilidad de evadir la revisión judicial. Sin embargo, los apelantes no nos han puesto en posición para concluir lo anterior. Por lo cual, es nuestra apreciación que esta excepción no aplica a la controversia que nos ocupa. A esos efectos, surge claramente del expediente que el Tribunal de Primera Instancia aún retiene

jurisdicción sobre el pleito de *Rosa Lydia Vélez y otros v. Departamento de Educación,* supra, así como que este se encuentra monitoreando el cumplimiento del Departamento de Educación con las estipulaciones relacionadas al ofrecimiento de servicios educativos a estudiantes que forman parte del Programa de Educación Especial, entre ellos, los que están ubicados en IMEI.

Por otra parte, los apelantes sostienen que a pesar de que se aprobó el referido contrato, este no posee los fondos necesarios para evitar que se vuelvan interrumpir los servicios en controversia. Sin embargo, al momento de evaluar el recurso de epígrafe, no consta que la educación de los apelantes se haya visto afectada por la alegada falta de fondos. Por tanto, no emana del expediente que los apelantes hayan sufrido un daño concreto y palpable como consecuencia del nuevo contrato.

Conforme al derecho aplicable, es indispensable que quien solicita la intervención del tribunal haya sufrido un daño real, y no abstracto o hipotético. Debido a que la alegada interrupción en el futuro consiste en una cuestión hipotética y especulativa, esta Curia está impedida de entender sobre si los fondos asignados para el año escolar 2024-2025 podrían causar una suspensión de los servicios en cuestión. De adjudicar lo anterior, nos encontraríamos emitiendo una opinión consultiva, lo cual ha sido reiteradamente rechazado en nuestro ordenamiento jurídico.

Por último, los apelantes alegaron que no procedía la desestimación de su recurso, ya que había reclamaciones relativas a los daños y perjuicios alegadamente sufridos por estos. Conforme al derecho aplicable antes esbozado, el recurso de *mandamus* tiene el propósito de ordenar a una entidad a cumplir con su deber ministerial, y recae sobre el foro judicial la discreción para concederlo. Asimismo, dicho recurso solo procederá cuando no exista otro remedio adecuado en el curso ordinario de los

procedimientos. Siendo así, coincidimos con el Foro apelado sobre que los apelantes tenían otro recurso disponible y adecuado para solicitar la intervención judicial, entiéndase, en el caso de *Rosa Lydia Vélez y otros v. Departamento de Educación,* supra.

En conclusión, tras evaluar el expediente que obra ante nos, así como el derecho aplicable a la controversia que nos ocupa, justipreciamos que no se cometieron los errores señalados por los apelantes. Es nuestra apreciación que el Tribunal de Primera Instancia actuó dentro del margen de discreción que le ofrece nuestro ordenamiento jurídico al atender un recurso de *mandamus* ante su consideración.

**-IV-**

Por los fundamento antes esbozados, **confirmamos** la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones